{¶ 1} Appellant, Lakisha Nixon, appeals her conviction for robbery. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On August 4, 2005, Nixon was indicted on one count of robbery, in violation of R.C. 2911.02. She was arraigned on August 18, 2005 and entered a plea of not guilty. On December 27, 2005, she signed a jury waiver and opted for a bench trial, which commenced on December 28, 2005. After the close of the prosecution's case, she made a Crim.R. 29 motion for acquittal, which was denied by the trial court. After the defense rested its case, Nixon reasserted her motion for acquittal, and it was again denied by the trial court. On the same day that the trial was held, the court returned a verdict, finding her guilty of robbery. She was sentenced on February 2, 2006 to a term of two years' incarceration.
 {¶ 3} The incident that gave rise to the charges against Nixon occurred on March 18, 2005. On that day, Tamara Richards, the victim, had an altercation with her boyfriend, Kenneth Tufts, in the driveway of her Lakewood apartment building. The two lived together, and Tufts is the father of Richards' youngest child. Lakewood police responded to the incident at approximately 7:15 a.m.; however, Richards, believing that her children would be taken from her, told the police that nothing had happened. After the police left the apartment, Richards went inside, dressed her two children, and drove them to day care.
 {¶ 4} When Richards returned home, she discovered Tufts standing in the living room. She walked past him, grabbed her work clothes, and headed for the bathroom, where she was immediately confronted by Nixon and an unidentified woman. Richards recognized Nixon because Tufts had multiple photographs of her, and the two had met on a previous occasion.
 {¶ 5} Tufts, Nixon, and the unidentified woman circled Richards, trapping her. Nixon and the unidentified woman began to physically fight with Richards. As the fight ensued, Tufts grabbed Richards' legs from underneath her, causing her to fall on the floor. While Nixon and the other woman continued to attack Richards, Tufts went through her pockets, taking $100 in cash. Tufts was aware that Richards did not have a bank account and always kept her money with her. Tufts then hit Richards in the face and ran out of the apartment along with Nixon and the unidentified woman. Richards began to run after them but stopped when she encountered her neighbor, Janet Ellsworth, who was already on the phone with 9-1-1.
 {¶ 6} Nixon brings this appeal, asserting two assignments of error for our review. Because the assignments of error are substantially interrelated, they will be addressed together.
 {¶ 7} "I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of robbery.
 {¶ 8} "II. Appellant's conviction for robbery was against the manifest weight of the evidence."
 {¶ 9} Appellant argues that the prosecution presented insufficient evidence to support her conviction for robbery. She further contends that, because of the insufficient evidence offered by the state, the trial court's guilty verdict was against the manifest weight of the evidence.
 {¶ 10} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v. Thompkins (1997),78 Ohio St.3d 380, citing Tibbs v. Florida (1982), 457 U.S. 31.
 {¶ 11} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 12} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City ofCleveland (1948), 150 Ohio St. 303, 345.
 {¶ 13} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E. 2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 14} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Martin at 720.
 {¶ 15} This court does not agree with appellant's argument that her guilty verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. Both Richards and her neighbor, Ellsworth, testified on behalf of the prosecution that appellant was the individual who was directly involved in the robbery. Richards identified appellant as one of the women who beat her while Tufts stole her money. Similarly, Ellsworth testified that she saw appellant as she fled Richards' apartment with Tufts and another woman.
 {¶ 16} In addition to the testimony of Richards and Ellsworth, Lakewood police detective Richard Busi also testified for the prosecution. Busi testified that he questioned appellant after the robbery. Appellant denied any knowledge of the robbery and stated she had not seen Tufts since February 21, 2005. She also told Busi that she had never been to Richards' apartment and had met Richards on only one previous occasion.
 {¶ 17} Appellant's testimony at trial severely deviated from the initial report she gave Busi. At trial, appellant testified that she and her young child were present on the day of the incident, but she was not involved in the robbery. She stated that an unidentified woman began to fight with Richards after Richards made a rude comment about her child. Appellant also testified that she had previously visited Richards' apartment on several occasions with Tufts when Richards was not present. Although at trial appellant stated she was present during the robbery, she had initially told the police that she did not know Richards, had never been to her home, and had not talked with Tufts for several weeks before the incident.
 {¶ 18} It is clear from appellant's conflicting stories that her testimony lacked credibility. In addition, Detective Busi's testimony cast doubt upon appellant's assertions. To the contrary, Richards' and Ellsworth's accounts of the events were credible and consistent.
 {¶ 19} On the basis of the evidence presented at trial, it is clear that appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. Accordingly, her assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR